ARNOLD *et al.*, Respondents, v. KLEPPER *et al.*, Appellants.

1. Section 25 of the act concerning mills and mill-dams (R. C. 1845, p. 743) was designed to afford a remedy only in cases in which a mill, or other machinery, or a dam erected in pursuance of said act, was injured by the subsequent erection of a dam or other obstruction, also erected under the provisions of said act.

2. Where it appears that the obstruction complained of was not erected under the provisions of said act concerning mills and mill-dams, the party aggrieved may seek redress by means of a suit for damages, or he may invoke the equitable interference of the courts by injunction ; but before he can become entitled to the extraordinary relief afforded by an injunction, he must establish his right to redress by a recovery in an action at law.

## *Appeal from Greene Circuit Court.*

Plaintiffs in their petition allege in substance that they were the owners of and in possession of a certain saw-mill ; that said mill was erected under and by virtue of an order of the Circuit Court of the county of Greene ; that since the erection of their mill by plaintiffs, defendants, unmindful of the statute in such case made and provided, and without authority, have commenced the erection of a dam a short distance below said mill, and so near as to cause the water to be obstructed and to flow back on said mill, and thereby so to obstruct said mill and the machinery thereof as to render them of no value to plaintiffs, &c. Plaintiffs prayed that the dam of defendants be abated by the sheriff as a nuisance, and that defendants be

prevented from proceeding to complete the erection of said dam so commenced by them until a hearing of the petition.

A temporary enjoining order was granted in accordance with the prayer of the petition.

The defendants moved the court to dissolve this injunction. Plaintiffs were permitted to amend their petition, on the hearing of this motion, by abandoning all claim for damages, and by inserting a prayer to the court " to enjoin and restrain the defendants from building their mill-dam any higher than it now is." The court found that " if said defendants' mill-dam were completed and finished, great injury would be done to plaintiffs' machinery." The court, by its final decree, enjoined and restrained defendants " from completing the said mill-dam, or so raise the same above a point, the level of which would be less than twelve inches below the bottom of said plaintiffs' mill wheel."

*Gardenhire*, for appellants.

I. The petition does not state facts sufficient to constitute a cause of action at most for any thing more than the damages, and they were disclaimed by amended petition. This objection is never waived. Welton & Edwards v. Martin, 7 Mo. 307, is a case precisely in point, and decisive of this. The sole object in that case seems to have been an injunction ; such object alone is still more apparent in this, for respondents, when they got this injunction, amended their petition disclaiming all damage. The petition shows no special facts which entitle the respondents to this extraordinary remedy. (Ranken v. Charless, 19 Mo. 490 ; 2 Story's Eq. § 959, *b*.)

II. The finding of the court did not warrant a perpetual injunction. It does not show the erection or raising of any dam, stoppage or obstruction across any stream ; or any nuisance to any mill, machinery or dam authorized by the order of any court ; or which mill was above or below ; or on what stream ; or which was erected first ; or that there were any mills at all ; but only " that if the said defendants' mill-dam was completed

and finished great injury would be done to plaintiffs' machinery." It is not even found that defendants were about to complete their dam.  (R. C. 1845, p. 747, § 25.)

*F. P. Wright*, for respondent.

I. The cause was tried by the court, and if the defendants had denied the correctness of the finding of any of the facts proved, he should have applied to the court for a review, and specified the fact which he supposed the court had erroneously found ; or if they desired a review of any matter of law, they should have made a case and brought the alleged error to the attention of the court.  This they failed to do.  (Bates v. Bower, 17 Mo. 550 ; Practice Act, art. 5, § 3 ; Reymond & Kendall v. Edgar & Walsh, 19 Mo. 32.)

II. The finding of the court was sufficient to sustain the judgment.

III. The motion in arrest was properly overruled.

IV. The court had jurisdiction and authority as a court of chancery to make the decree.   (R. C. 1845, tit. Mill and Mill-dams, § 25, 26 ; 2 Waterman's Eden on Injunctions, 259, 261, 265 ; The Mohawk & Hudson Railroad Co. v. Archer et al. 6 Paige's Ch. 83 ; City of Georgetown v. The Alexandria Canal Co. 12 Pet. 91 ; Corning et al. v. Lewern, 6 Johns. Ch. 439 ; 2 Story's Eq. Juris. § 924 ; The Attorney General v. Michel, 16 Vesey, 338 ; Crowder v. Tukler, 19 Vesey, 616.)   Section 25 of the Revised Code is a new provision and was not in the statute of 1835.

Scott, Judge, delivered the opinion of the court.

The objection, that the complainants are not the proprietors of the land on which they have built their mill, has no force in it.  They claim by purchase, and show their deed from the former reputed owner, who, it is alleged, is under some disability which renders her conveyance inoperative.  These defendants can not be permitted to come in and force the complainants to litigate their title with them, when the supposed

Arnold v. Klepper.

owner of the title is passive and makes no claim. The complainants had such confidence in their title as induced them to erect the machinery of whose injury they complain. As they have expended money on the faith of their title, making costly improvements, and as there is no adverse claimant asserting his rights, it is nothing but reasonable that they should be protected from the acts of others injurious to their interests. The law requires that he who asks leave to build a dam under its provisions should be the proprietor of the land on which it is to be built. But that requirement does not authorize persons to mouse about for flaws in a man's title and compel him to litigate with them his rights. The law never contemplates that the courts, on every application for a writ of *ad quod damnum*, should try an ejectment, and that, too, in the absence of one of the parties. If the person desirous to build the mill has a title on which he is willing to risk his money, and there is no adverse claimant asserting his right to the mill seat, the law would seem to be satisfied.

This case does not come within the 25th section of the act concerning mills. The defendants had never obtained any leave to erect a dam on the mill stream. Then, according to the 26th section of the said act, their dam, stoppages and obstructions, not being made according to law, were public nuisances, and might be dealt with accordingly. The 25th section was designed to reach those cases in which a mill and dam, erected in pursuance to law, was injured by a dam subsequently built, likewise under the provisions of the statute. They are not made nuisances, and the law, only in the event of their operating to the injury of others, authorizes a court of chancery to have them abated. Such being the state of the law, under the circumstances of this case we are not disposed to interfere. We are not affected by the argument that, if the law would allow an injunction in cases of an erection authorized by law, *a multo fortiori* it would in case of one not authorized. The difference is, the law makes one a public nuisance, and it may be destroyed, while the other is not so. The plaintiffs have

Arnold v. Klepper.

ample remedies without the extraordinary one by injunction. They may sue for damages, and if they are successful may then have an injunction, if it is necessary. They may set in motion a criminal proceeding to abate this nuisance.

It is strange that the idea of making an issue—a single issue, and not a great many, as they sometimes do for no other purpose than to create confusion—did not occur to the parties. A great number of witnesses, much greater than testified for the plaintiff, asserted that the dam of the defendants caused no injury whatever to the plaintiffs' mill. The principal witness for the plaintiffs, and one mostly confided in, it would seem, as an expert, testified that there was a current of water below Arnold's (plaintiffs') mill for two hundred yards. The backwater from Klepper & Galbreath's (defendants') mill did not come nearer than two hundred yards of plaintiffs' mill.

A court of chancery should be well satisfied of the existence of a nuisance before it interferes by injunction. The old law, in case of injuries like the present, never permitted an interference until after the establishment of the plaintiffs' right by a recovery of damages in a court of law. An innocent party may be ruined by the exercise of such a power. He may have vested all his estate in an enterprise which he was persuaded would not injure another. The public interest is promoted by competition among the owners of useful machinery. The law encourages such competition, and a captiousness, dictated by a fear of it, is entitled to no countenance in the courts of justice. A monopolizing spirit may see wrongs not perceptible to the disinterested.

There is no warrant in the statute for an injunction in this case. Although a private injury resulting from a public nuisance may be checked by an injunction, yet it is not done until the party complaining has established his right to redress by an action at law. The 25th section of the act concerning mills and mill-dams being out of this case, the principle asserted in the case of Welton & Edwards v. Martin, 7 Mo. 307, is applicable. The judgment will be reversed and the bill dismissed; the other judges concurring.