## SULTAN, Respondent, v. PARKER-WASHINGTON COMPANY, Appellant.

### St. Louis Court of Appeals, April 24, 1906.

1. **NUISANCE: License: Municipal Contract.** A contract between a municipal corporation and an asphalt company whereby the asphalt company was to prepare asphalt for the construction and improvement of some of the city streets, did not by implication grant the asphalt company a license to operate its plant in a place where its operation would be a nuisance to. people residing in the neighborhood.

2. ———: ———: **Authority to Maintain a Nuisance.** Where a manufacturer of asphalt conducted its plant in a city in such a way that it was offensive and deleterious to the health and comfort of one residing in the neighborhood, it was a nuisance, and the person injured was entitled to redress, although the manufacturer had a license from the city to conduct his plant.

### (On Motion for Rehearing.)

3. ———: **Appellate Practice: Consistent Theories.** Where a plaintiff sought to enjoin the conducting of an asphalt plant in his neighborhood on the ground that its conduct was necessarily a nuisance, or a nuisance through the manner of operating it, and on the trial the evidence for the defendant showed that the emission of fumes which the plaintiff complained of as causing the nuisance was unavoidable in the manufacture of asphalt, he could not on appeal be heard to complain that an order restraining the operation of the plant was too broad as not permitting its operation in such manner as to omit no offensive fumes.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Barclay, Shields & Fauntleroy* for appellant.

(1) (a) Where the act done is authorized by law, it cannot properly be held a nuisance at all. Randle v. Railroad, 65 Mo. 325; Geddis v. Proprietors, 3 App. Cas. (L. R.) 455; Parrott v. Railroad, 10 Ohio St. 624; Vason

v. Railroad, 42 Ga. 631; Lewis v. Behan, 28 La. Ann. 130.  (b)  Where legal authority is shown for the exact act done, that act cannot be enjoined, even in cases where damages or other remedy at law might be available.  Dolan v. Railway (Wis.), 95 N. W. 385; Railey v. Railroad, 80 S. W. 95.  (2)  The municipal assembly of St. Louis has power "to declare" nuisances.  Charter, St. Louis, art. 3, sec. 26, subd. 6.  (3)  The undisputed evidence proved that the odors given forth by the asphaltum plant of defendant were "unavoidable and necessary to the work" which defendant was performing for the city of St. Louis under special ordinance on the subject, recited in the answer.  The particular acts of which plaintiff complains were, therefore, authorized by law, and not nuisances under the ordinance (sec. 616) quoted in the answer and the city charter aforesaid.  Municipal Code (1901), sec. 616, p. 554; Gates v. Railway, 111 Mo. 28, 19 S. W. 957; Shelfer v. Lighting Co. (1895), 2 Ch. 388; Railroad v. Mollandim, 4 Colo. 154; Dwenger v. Railroad, 98 Ind. 153; Ryan v. Copes, 11 Rich. L. 217.  (4)  The trial court erred in striking out part of the answer which stated facts constituting a complete defense by showing that the odors complained of were authorized by ordinance and were hence no nuisance.  The very acts of defendant were sanctioned by law as a "necessary and unavoidable" incident to the public work of street improvement, required by the ordinances for said improvement.  Crowley v. Fireworks Co., 88 N. Y. Supp. 483, 95 App. Div. 13; High, Injunctions (2 Ed.), sec. 767; Murtha v. Lovewell, 166 Mass. 391, 55 Am. St. 410.  (5)  The alleged nuisance is charged to be a "public nuisance."  The evidence shows that it affects a large body of people in that part of the city, and that plaintiff is not affected otherwise than are all the population in that quarter of St. Louis.  There is no such special or peculiar damage to plaintiff shown as warrants an injunction.  Rude v. St. Louis, 93 Mo. 408, 6 S. W. 257; Van DeNere v. Kansas City, 107 Mo. 83, 17 S. W. 695.

*Bass & Brock* and *Carter & Sager* for respondent.

(1) When the thing complained of works harm or annoyance to others, it is a nuisance, and it is immaterial whether the harm or annoyance flows from the manner in which the thing is done or is the result of the location of the thing. Wood on Nuisances, sec. 75, p. 1273; Railroad v. Church, 108 U. S. 317; Fert. Co. v. Malone, 73 Md. 268; People v. Lead Works, 82 Mich. 466; Cravens v. Rodenhaus, 21 Atl. 774; State v. Boll, 59 Mo. App. 157; State ex rel. v. Board of Health, 16 Mo. App. 8; Kirchgraber v. Lloyd, 59 Mo. App. 59; Bideman v. Railroad, 59 Mo. App. 157; Rex v. White, 1 Burr. 333; Smelt. Co. v. Tipping, 11 H. L. 642; Fish v. Dodge, 4 Denio 311; Catlin v. Valatine, 9 Paige, 575; Campbell v. Seaman, 63 N. Y. 568; Cogswell v. Railroad, 103 N. Y. 10; Wood on Nuisances, sec. 497; Hegg v. Licht, 80 N. Y. 579; Gas Co. v. Murphy, 39 Pa. 255; Cleveland v. Gas Light Co., 20 N. J. Eq. 201; Gas Light Co. v. Thompson, 39 Ill. 598; Wood on Nuisances (2 Ed.), sec. 583; Hay v. Cohoes Co., 2 N. Y. 159; McKeon v. See, 51 N. Y. 300; Ross v. Button, 19 N. J. Eq. 294; Fishburn v. Oil Co., 66 Minn. 277; Berger v. Gas Light Co., 60 Minn. 296. (2) The city of St. Louis, by ordinances and contracts, cannot empower the defendant to create a nuisance, so as to exempt it from abatement by injunction on the part of a private individual. Railroad v. Angel, 51 N. J. Eq. 10; Speir v. Brooklyn, 18 N. Y. Supp. 170; Cohen v. New York, 113 N. Y. 532; Danaher v. Brooklyn, 119 N. Y. 255; Whitfield v. Carrollton, 50 Mo. App. 99; Crittenden v. Wilson, 5 Cow. 165; Brown v. Railroad, 12 N. Y. 486; Sinnickson v. Johnson, 17 N. J. L. 151; Railroad v. Church, 108 U. S. 317; Edmonson v. Moberly, 98 Mo. 523, 11 S. W. 990; Payne v. Kansas City, 112 Mo. 6, 20 S. W. 322; Turpey v. Independence, 24 Mo. App. 288; Pearce v. Gibson Co. (Tenn.), 64 S. W. 33; Smith v. Sedalia, 152 Mo. 283, 53 S. W. 907; Mercer County v. Harrodsburg (Ky.), 66 S. W. 10. (3) The

legislative intent to license or authorize the perpetration of a nuisance is not to be inferred unless such intent is expressed in the statute with irressistable clearness and certainty. U. S. v. Fisher, 6 U. S. 358; Railway v. Church, 108 U. S. 319; Bohan v. Gas Light Co., 122 N. Y. 18; Cogswell v. Railway, 103 N. Y. 10; Hill v. Asylum, Dict., L. R., 4 Q. Bd. 433, 6 App. Cas. 193; Gas Co. v. Murphy, 39 Pa. 255; Eames v. Worsted Co., 11 Met. 570; Commonwealth v. Kidder, 107 Mass. 188.

GOODE, J.—An injunction was granted against the appellant company perpetually restraining it from operating an asphalt plant located on a switch of the Wabash Railroad about 300 feet east of Taylor avenue in St. Louis and 1200 feet south of respondent's home. The decree further restrained appellant, or any one for it, from creating offensive gases and fumes which would be carried to respondent's premises. Respondent for several years past has owned a comfortable home on the north side of Forest Park Boulevard in the city of St. Louis, a short distance west of Taylor. Appellant is a corporation engaged in the manufacture of asphalt for street paving. The company has its plant on a switch connected with the Wabash railroad tracks in a southerly direction from respondent's residence. The petition charged that the manufacture of asphalt at appellant's factory caused noxious gases and fumes to be generated in great volumes and disseminated through the surrounding atmosphere, either necessarily or through the operation of said plant in a negligent manner; that volumes of these noxious gases were carried to respondent's residence, to the grievous discomfort of his family, who were nauseated by them, disturbed in their sleep, forced to keep the windows of their house closed in order to shut out the stench, and that the nuisance was so great that, unless restrained, respondent and his family would be compelled to abandon their home. The petition further

averred that appellant's asphalt plant was portable, rested on railroad cars on the switch and could be moved readily and installed elsewhere without loss and at a nominal cost to appellant; that the plant had been declared a nuisance by the State Board of Health of the city. Irreparable damage was alleged in that respondent's home was being rendered uninhabitable. A temporary writ of injunction was granted on the filing of the petition.

Appellant filed an answer admitting its incorporation and that since the early part of July, 1903, it had been engaged in the preparation and manufacture of asphalt at its plant located at the spot alleged in the petition, on railroad cars, and a side track built on the right of way of the Wabash Railroad Company, and leased to appellant. It is denied that in the preparation of asphalt at the plant, deleterious gases and fumes had been given off so as to be carried to respondent's premises, or in such manner as to be offensive or to constitute a nuisance. In the second paragraph of the answer an ordinance of the city of St. Louis was pleaded and stated to be in force at the time of the creation of the alleged nuisance. One section of the ordinance provides, in effect, that no person or company shall conduct certain occupations, such as brick kilns, soap factories, slaughter houses, garbage works, tanneries, and others named, in the city of St. Louis, without first obtaining permission from the Municipal Assembly, and that any one doing so shall be guilty of a misdemeanor. Asphalt works are not named in that section of the ordinance. Another section provides that it shall not be lawful to erect any building for the purpose of manufacturing an article which is injurious to the public health, or which emits an offensive odor to the extent of creating a nuisance, without first having obtained permission from the Municipal Assembly. After pleading that ordinance, or several sections of it, the answer further stated that the only purpose for which the asphalt plant was operated at its

present location, was to prepare asphalt to be used in the construction and improvement of the streets of St. Louis under license and permission from the city. The license relied on as authorizing appellant to manufacture asphalt at this particular spot, consists of contracts made between the city and appellant for the construction and improvement of streets. The answer then set out certain ordinance specifications in regard to how streets shall be paved with Portland cement and bituminous concrete. It next averred that at all times stated in the petition, the appellant operated its plant with the utmost care to prevent the generation of gases and fumes and did not permit any to escape, except as far as was strictly unavoidable in the manufacture of the materials mentioned in the contracts between the City and appellant and required thereby. It is denied that the plant or its operation was either a public or a private nuisance, and the averment is made that appellant had been granted permission to manufacture asphalt by virtue of the municipal ordinances authorizing said work, and under the contracts for street paving the city had let to appellant. All that portion of the answer relating to the city ordinance and contracts of the city with appellant, were struck out by the court on motion of respondent, as constituting no defense. This ruling is assigned for error.

The testimony proved that appellant had an apparatus mounted on some cars on a spur or switch of the Wabash Railroad in the city of St. Louis at the point mentioned in the petition. This plant was used in preparing asphalt for the purpose of executing contracts between appellant and the city for street improvements under certain contracts and ordinances. The evidence for respondent showed the fumes emitted in the operation of the plant were disagreeable to him and his family and could be distinctly perceived in their home; that they disturbed the comfort and sleep of the inmates and of the neighbors along Forest Park Boulevard. It was

117 App.—41

further shown that these odors were so pervasive that parties living on the boulevard were frequently obliged to close their windows in the summer time.    It was shown that Forest Park Boulevard in that vicinity is a good residence street.    There was testimony that nausea and headache were produced by the odors.    A sample (so-styled) of the ordinance under which appellant claimed the right to operate its plant where it was located, was introduced; and also a contract between appellant and the city for the reconstruction of one of the city's streets, as a sample of all the contracts under which appellant asserted a right to operate its factory. Without quoting from either of these documents, it suffices to say that they had no tendency whatever to establish the fact that the city had granted appellant a license or permission to manufacture asphalt at the particular spot at which its plant was located; or, indeed, to manufacture it anywhere within the city limits.    The ordinance introduced in evidence contained specifications for the construction of streets, and these specifications contemplated the use of asphalt.    The contract was one for the construction of a street in which asphalt would be part of the material used.    Some testimony was introduced by appellant to show it would be much more difficult and expensive to carry on its business of street paving if it was compelled to make asphalt outside the city.    There was testimony that an asphalt plant could not be operated without foul fumes being emitted; that appellant used the best materials and processes in its factory, and that along the tracks of the Wabash railroad in the vicinity of its factory, other business and manufacturing establishments are located.

We hold that the court committed no error in striking out the portion of appellant's answer which undertook to show, constructively, that it was licensed by the city to keep its plant at the spot where it was a nuisance to respondent and his family.    It is self-evident that the averments of the answer showed no license or permis-

sion to do anything of the sort. Neither did the contract
and the ordinance introduced in support of the answer.
The only fact bearing on the case which the ordinance
proved was that the city contemplated the use of asphalt
in the construction of its streets; and the only fact the
contract showed was that the city had arranged with the
appellant to pave one of its streets with asphalt. How
does that tend to prove the city had licensed the opera-
tion of appellant's plant near a principal residence
street, when its operation there would expel people from
their homes? It is said that where an act done was autho-
rized by that branch of the sovereignty of the State which
has control over such matters, the act cannot be held to
be a nuisance. That proposition is sound law (Seibert
v. Railroad, 188 Mo. 657, 87 S. W. 995); but has no ap-
plication to the facts of this case. As said, there is not
the semblance of allegation or evidence that the city had
authorized the operation of this plant, either where it
was or anywhere else. The doctrine invoked applies
principally to structures like railways placed in streets
or other public grounds of a city for public use. Inas-
much as these impediments, though they occasion some
private inconvenience and damage, promote the use and
enjoyment of the streets by the community, they are
legal when put in under proper authority, though other-
wise they would be a nuisance. Appellant's factory is
a private enterprise in which the public has no interest
whatever. If it had been licensed by the city in its pres-
ent situation, it is so offensive and deleterious that it
would be nonetheless a nuisance for which a private in-
dividual, specially affected, might have redress. [Smiths
v. McConathy, 11 Mo. 518; Arnold v. Keppler, 24 Mo.
273.] Municipal authority for so great an annoyance
will not legalize its existence, unless it is reasonably
necessary for the common weal. [Schopp v. St. Louis,
117 Mo. 131, 22 S. W. 898.] The evidence demonstrates
that the factory can easily be wheeled away to some place
where it will not render homes uninhabitable.

The judgment is, unquestionably, for the right party and is affirmed. All concur.

### OPINION ON MOTION FOR REHEARING.

PER CURIAM.—On the motion for rehearing it is suggested for the first time, that the decree in this case is too broad as it prohibits the appellant company from operating its asphalt plant even in such a manner as to throw off no offensive smoke or fumes so as to constitute a nuisance to respondent and his family. The complaint in the petition is that the operation of the plant renders respondent's home uncomfortable for himself and family, and is a nuisance on account of fumes discharged from the factory, either necessarily or as a regular incident to the manufacture of asphalt paving. Now the evidence for appellant was directed toward showing that these fumes were unavoidable and undoubtedly that was one of the points of defense relied on in the appellant's brief. Hence, it is on a weak ground that appellant now complains of the decree for prohibiting it from running the factory where it stands at present, even though it can be run so as to cause no nuisance. The decree is not to be so regarded. No one would object to the factory if its mischiefs were obviated either by moving it from its present location or in any other effective way. The intention of the decree is to protect respondent from the noxious gases, smoke and fumes which the factory emits. The motion for rehearing is overruled.